The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GINA BLOOM, an individual,

                    Plaintiff,

v.

CITY OF LAKE STEVENS, *et al*.

                    Defendants.

NO. 2:25-cv-1111-BJR

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## I.     INTRODUCTION

Plaintiff Gina Bloom ("Plaintiff") brings this action under 42 U.S.C. §§ 1983, 1985 and Washington law against the City of Lake Stevens, the Lake Stevens Police Department, and several of its police officers (collectively, "Defendants"). She alleges that Defendants retaliated against her for protected speech, maliciously prosecuted her without probable cause, and otherwise violated her constitutional rights in connection with law enforcement responses to her reports of domestic violence and related events. Defendants move to dismiss the First Amended Complaint in its entirety, arguing that (1) the action constitutes impermissible abusive litigation arising out of Plaintiff's prior family law proceedings in Snohomish County Superior Court, and

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 1

(2) Plaintiff has failed to plead facts sufficient to state any actionable claim. Dkt. No. 28. Plaintiff opposes the motion. Dkt. No. 39. Having reviewed the parties' submissions, the record, and the applicable law, the Court grants the motion in part and denies it in part. The Court's reasoning follows.

## II.    BACKGROUND

Plaintiff is a frequent litigant in both state and federal courts, having filed multiple actions against her former spouse, judicial officers, court personnel, a court-appointed guardian ad litem, as well as state and local government entities. These actions center on her allegations of domestic violence and related claims arising out of her dissolution proceedings in Snohomish County Superior Court. Plaintiff alleges across these cases that the defendants conspired against her and in favor of her former spouse.

This action follows the repeated pattern: in the nearly 100-page First Amended Complaint, Plaintiff accuses the City of Lake Stevens, its police department, and various officers, of wide-ranging unlawful and unconstitutional conduct. She alleges that, beginning in or around 2020, she reported multiple incidents of domestic violence, sexual assault, and child abuse involving her former spouse to the Lake Stevens Police Department ("LSPD"). She contends that LSPD officers, including the individual Defendants, failed to adequately investigate her reports, declined to pursue charges in certain instances, and otherwise treated her complaints with skepticism or hostility. Plaintiff further alleges that Defendants omitted or disregarded her exculpatory and corroborating evidence, failed to follow up with witnesses, and engaged in conduct that undermined her credibility with prosecutors and other agencies.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 2

Plaintiff asserts that after she publicly criticized LSPD and filed internal complaints regarding officer conduct, Defendants retaliated against her by initiating or encouraging criminal proceedings against her for an alleged violation of a domestic violence protection order. She claims that the investigating officer lacked probable cause and failed to provide material exculpatory evidence to the prosecutor, resulting in the filing of criminal charges that were ultimately dismissed in her favor. She contends that this prosecution was undertaken with retaliatory motive and in furtherance of a broader effort to discredit her and deter her from reporting misconduct.

More broadly, Plaintiff alleges that the actions of the individual Defendants were undertaken pursuant to policies, customs, or practices of the City of Lake Stevens, including alleged practices of disbelieving domestic violence victims, failing to adequately investigate reported crimes, and retaliating against individuals who complain about police conduct.

### III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept legal conclusions or conclusory allegations unsupported by factual content. *Id*. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 3

## IV.    DISCUSSION

Plaintiff asserts claims under 42 U.S.C. § 1983 for alleged violations of her First, Fourth and Fourteenth Amendment rights, including theories of retaliation, malicious prosecution, denial of equal protection, and deprivation of due process. She further alleges a civil rights conspiracy under 42 U.S.C. § 1985 and seeks to impose municipal liability on the City of Lake Stevens under *Monell*. In addition, Plaintiff brings state-law claims for malicious prosecution and defamation.

Defendants move to dismiss the First Amended Complaint on multiple independent grounds. First, they contend the action constitutes impermissible "abusive litigation" under RCW 26.51 because it seeks to relitigate allegations that have been repeatedly addressed, and rejected, in prior state court proceedings, and in contravention of the existing Snohomish County pre-filing bar order. Second, Defendants assert that the claims fail because probable cause defeats the malicious prosecution and retaliation theories; the alleged statements underlying the defamation claim are non-actionable opinion or otherwise privileged; the equal protection and due process claims lack allegations of discriminatory intent, disparate treatment, or a cognizable constitutional duty; and the conspiracy allegations are conclusory and unsupported by facts showing an agreement. Defendants further contend that Plaintiff fails to plead a basis for municipal liability under *Monell*, that the individual defendants are entitled to qualified immunity, and that several claims are barred by the applicable statutes of limitation. Finally, Defendants argue that dismissal is warranted as to the individual defendants for lack of service and that certain claims are duplicative or improperly asserted against Defendants in their official capacities.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 4

The Court addresses each argument in turn.

## A.    Abusive Litigation

Defendants argue that this action should be dismissed on the ground that Plaintiff is engaging in "abusive litigation" within the meaning of Washington's Abusive Litigation Act ("ALA"), RCW 26.51. The Washington Legislature enacted the ALA to address abusive litigation in the family law context. *See Cabral v. Glinski*, 2026 WL 747110, at *3 (Wn.App. Mar. 17, 2026). Under the statute, where parties to litigation are or were involved in an intimate relationship involving domestic violence and one party initiates, advances, or continues litigation primarily to harass, intimidate, or maintain contact with the other, the court may impose restrictions on that party's ability to file future actions. *Id*. citing RCW 26.51.

Plaintiff is subject to such a restriction. On June 13, 2025, the Snohomish County Superior Court issued a pre-filing bar order against Plaintiff pursuant to the ALA (the "Bar Order"). In issuing the Bar Order, the Snohomish County Court found that Plaintiff had engaged in abusive litigation, including repeatedly filing actions against her former spouse based on allegations already litigated and resolved adversely to her, and concluded that her filings were intended to harass or maintain contact with her former spouse. The Bar Order restricts Plaintiff's ability to initiate further litigation in Snohomish County against her former spouse relating to those matters without prior court approval and remains in effect through at least June 2027. *See* Dkt. No. 28-1.

Defendants rely on the Bar Order to argue that this case should be dismissed. They contend that the First Amended Complaint is merely an attempt to relitigate matters resolved in the state dissolution proceedings and that Plaintiff should not be permitted to reassert them here.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 5

The Court disagrees; the Bar Order does not provide a basis for dismissal of this federal action. The ALA is a state procedural mechanism authorizing state courts to impose filing restrictions in specified circumstances; it does not create a substantive defense or an independent ground for dismissal of otherwise cognizable federal claims. Nor does the Bar Order purport to prohibit Plaintiff from filing actions in federal court or from asserting claims against parties other than her former spouse. The Order is directed to litigation involving Plaintiff's former spouse and to proceedings arising out of the dissolution action. Although this lawsuit arises from the same underlying events, Plaintiff asserts claims here against municipal actors based on alleged constitutional violations. Whether those claims are viable is governed by federal pleading standards and applicable substantive law—not by the existence of a state-court filing restriction directed at different parties and proceedings.

Defendants alternatively urge the Court to exercise its inherent authority to restrict vexatious litigants. It is well established that federal courts possess the inherent power to impose carefully tailored pre-filing restrictions in appropriate circumstances. *See De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990). Such measures, however, are reserved for exceptional cases and require, among other things, substantive findings of frivolousness or harassment. *Id*. Whether to apply such measures turns on whether the record demonstrates a pattern of abusive litigation, such as repeated re-litigation of the same issues, persistent disregard of prior rulings, or filings made for an improper purpose.

Here, Plaintiff has filed at least five lawsuits in state and federal courts arising from the same underlying allegations of abuse, collusion, and conspiracy connected to her domestic proceedings. This pattern of serial, overlapping litigation—targeting successive participants in

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 6

the same dispute and advancing largely repackaged allegations—places Plaintiff at the threshold of conduct that may warrant the imposition of filing restrictions. At the same time, the lawsuits are not identical in form. For example, in *Bloom v. Snohomish County*, No. 2:24-cv-02155-BJR (W.D. Wash. 2025), Plaintiff challenged Snohomish County's administration of its guardian ad litem program, whereas here she asserts constitutional claims against different municipal actors arising from their response to her reports of domestic violence. Although these actions stem from the same underlying events, they are directed at different defendants and assert distinct legal theories. Thus, on the present record, the Court cannot conclude that Plaintiff's filings have yet risen to the level of vexatiousness warranting the extraordinary remedy of a pre-filing restriction. Accordingly, the Court declines to dismiss this action on the ground that it constitutes "abusive litigation" under RCW 26.51, the Snohomish County Superior Court order, or this Court's inherent authority to restrict vexatious litigants.

That said, Plaintiff's litigation history reflects an escalating pattern that is approaching that threshold. Plaintiff is therefore expressly cautioned that the continued pursuit of duplicative or meritless claims, or further attempts to relitigate matters that have been or could have been resolved, will likely result in the imposition of appropriate filing restrictions. Plaintiff is further advised that this Court will not expend judicial resources on revisiting matters that have already been adjudicated in prior proceedings. While Plaintiff may pursue cognizable constitutional claims based on Defendants' alleged conduct, she may not use this action as a vehicle to relitigate the underlying abuse allegations or the merits of the state-court proceedings.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 7

**B.      Service on Individual Defendants**

Defendants argue that the claims against the individual defendants should be dismissed because Plaintiff failed to effect timely service. Plaintiff disputes this contention, asserting that she attempted personal service on the individual defendants at the LSPD, that LSPD personnel refused service and directed her to serve through the City, and that she thereafter served the City consistent with those instructions. Plaintiff further contends that Defendants had actual notice of the action and that she remains within the time permitted for service under Federal Rule of Civil Procedure 4(m) as to the First Amended Complaint.

Under Rule 4(m), a defendant must be served within 90 days after the complaint is filed. If service is not timely done, the Court must either dismiss the action without prejudice as to that defendant or order that service be completed within a specified time. On the present record, dismissal on this ground is not warranted. Defendants do not contend that they lack actual notice of the claims and have appeared through counsel. Under these circumstances, the Court declines to dismiss for insufficient service at this stage. Instead, Plaintiff must complete service on the individual Defendants within thirty (30) days of the date of this order. Defendants may renew their Rule 4(m) arguments if Plaintiff fails to service the individual Defendants within that time.

**C.      Statute of Limitations**

Defendants contend that several of Plaintiff's claims are time-barred. Section 1983 claims are governed by Washington's three-year statute of limitations for personal injury actions, while Plaintiff's state-law claims are subject to their respective limitations periods. At the pleading stage, dismissal on statute-of-limitations grounds is appropriate only where the running of the limitations period is apparent on the face of the complaint. *See Von Saher v. Norton Simon*

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 8

*Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (a claim may be dismissed on the ground that it is time barred only when the running of the limitations period is apparent on the face of the complaint).

That standard is not met here. The First Amended Complaint alleges a series of events spanning multiple years, including conduct that undisputedly falls within the applicable limitations periods. Although Defendants identify earlier events that may be time-barred if considered in isolation, the complaint does not clearly delineate which specific acts form the basis of each claim or whether those acts are alleged as independently actionable conduct or as part of a broader course of conduct extending into the limitations period. Nor does the complaint establish when Plaintiff knew or reasonably should have known of the alleged constitutional injuries, which is relevant to accrual.

In addition, certain claims—most notably malicious prosecution—do not accrue until favorable termination of the underlying proceedings, which Plaintiff alleges occurred within the limitations period. *See McDonough v. Smith*, 588 U.S. 109, 125 (2019) (fabricated-evidence claim accrues upon favorable termination of the criminal proceedings). To the extent Defendants contend that other claims accrued earlier, that determination would require the Court to resolve factual questions regarding the timing, nature, and effect of the alleged conduct, as well as the applicability of any tolling or accrual doctrines. Such determinations are not appropriate on a motion to dismiss. Accordingly, because the timeliness of Plaintiff's claims is not apparent on the face of the complaint, dismissal on statute-of-limitations grounds is not warranted at this stage. Defendants may renew these arguments on a more developed factual record.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 9

**D.    Malicious Prosecution**

Plaintiff asserts federal and state law claims for malicious prosecution. To state a §1983 malicious prosecution claim, a plaintiff must plausibly allege that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her a constitutional right. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Under Washington law, malice and lack of probable cause are likewise essential elements. *See Hanson v. City of Snohomish*, 121 Wn.2d 552, 558 (1993).

Defendants argue that Plaintiff's malicious prosecution claims fail for two independent reasons: first, because probable cause existed as a matter of law, and second, because the prosecutor's independent charging decision breaks the chain of causation. It is true that probable cause is generally a complete defense to malicious prosecution. *See Hanson*, 121 Wn.2d at 558. It is also true that, as a general rule, a prosecutor's independent decision to file charges may insulate investigating officers from liability. *See Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir. 1981). However, both principles are subject to an important limitation in the § 1983 context. The presumption of prosecutorial independence may be rebutted—and probable cause may be undermined—where officers are alleged to have knowingly provided false information or withheld material exculpatory evidence. *See Awabdy*, 368 F.3d at 1067; *Smiddy*, 665 F.2d at 266–67. In such circumstances, the prosecutor's decision is not considered independent, and whether probable cause existed cannot be resolved as a matter of law.

Here, Plaintiff alleges that the investigating officer withheld material exculpatory evidence and selectively presented information to the prosecutor, resulting in the initiation and continuation of criminal charges without probable cause. Defendants contend that Plaintiff's

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 10

allegations are contradicted by documents attached to or incorporated into the pleadings, including the police reports, evidence logs, and related materials submitted in connection with the investigation. It is true that, at the Rule 12(b)(6) stage, the Court need not accept as true allegations that are directly contradicted by exhibits properly before the Court. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). However, the materials on which Defendants rely do not give rise to such a contradiction. At most, those documents reflect that certain items were received and logged, while remaining silent or ambiguous as to whether other materials that Plaintiff identifies as exculpatory were reviewed or transmitted to the prosecutor. The fact that the documents do not conclusively corroborate Plaintiff's account does not render her allegations implausible, nor do they definitively establish Defendants' version of events. Rather, the parties' competing interpretations of these materials present a factual dispute that cannot be resolved on a motion to dismiss. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Accordingly, accepting Plaintiff's allegations as true, she has plausibly alleged both the absence of probable cause and a causal connection between Defendants' conduct and the prosecution. These issues cannot be resolved at the pleading stage.

### E.    First Amendment Retaliation

Plaintiff alleges that she engaged in protected First Amendment activity by publicly criticizing the LSPD, filing internal complaints against officers, and contacting media outlets regarding alleged police misconduct. She further alleges that Defendants retaliated against her in various ways, including by disparaging her credibility, failing to adequately investigate her complaints, and ultimately initiating or causing criminal charges to be brought against her.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 11

To state a First Amendment retaliation claim, a plaintiff must plausibly allege that she engaged in protected activity, that defendants took adverse action that would chill a person of ordinary firmness from continuing that activity, and that the protected activity was a substantial or motivating factor in the challenged conduct. *See Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012). With respect to Plaintiff's allegations that Defendants failed to investigate her complaints, treated her with hostility, or undermined her credibility, those allegations, without more, do not constitute adverse actions within the meaning of the First Amendment retaliation claim. The Ninth Circuit has made clear that the adverse action requirement is satisfied only where the government's conduct is sufficiently concrete and coercive that it would deter a person of ordinary firmness from engaging in protected speech. *See Coszalter v. City of Salem*, 320 F.3d 968, 975–76 (9th Cir. 2003). Allegations of inaction, such as a failure to investigate, or of generalized hostility, skepticism, or damage to credibility, standing alone, do not impose a tangible consequence or penalty on the plaintiff and therefore do not ordinarily rise to the level of adverse action. Such conduct, while potentially improper, is not the type of governmental action the First Amendment retaliation doctrine is designed to redress. *See O'Brien v. Welty*, 818 F.3d 920, 933–34 (9th Cir. 2016) (requiring a showing of adverse action that would chill speech, not merely criticism or disagreement).

Plaintiff also fails to allege facts plausibly showing that any alleged inaction, hostility, or damage to her credibility was substantially motivated by her protected activity, as opposed to Defendants' assessment of her complaints or other non-retaliatory considerations. Nor has Plaintiff alleged facts suggesting a pattern of harassment or other coercive conduct that, taken

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 12

together, would satisfy this standard. Accordingly, these allegations do not, without more, plausibly state a First Amendment retaliation claim.

Plaintiff's allegation that Defendants initiated or caused criminal charges to be brought against her, however, stands on a different footing. The alleged initiation and continuation of criminal proceedings constitute a concrete and coercive form of government action that, if undertaken for retaliatory purposes and without probable cause, is sufficient to support a First Amendment retaliation claim. *See Hartman v. Moore*, 547 U.S. 250, 256 (2006). Defendants argue that this claim fails because probable cause existed for the charge. It is true that in the context of retaliatory prosecution claims the absence of probable cause is generally required. *Id*. However, for the reasons discussed above, the Court cannot determine at this stage whether probable cause existed as a matter of law. Plaintiff alleges that Defendants withheld material exculpatory evidence and thereby caused charges to be filed without a proper basis. Accepting those allegations as true, Plaintiff has plausibly alleged both the absence of probable cause and a retaliatory motive.

Accordingly, the motion to dismiss is denied as to Plaintiff's First Amendment retaliation claim only insofar as it is based on the alleged initiation and continuation of criminal proceedings. To the extent Plaintiff asserts broader theories of retaliation, those claims are dismissed.

### F.    Equal Protection and Due Process

Plaintiff asserts additional constitutional claims, including violations of the Equal Protection Clause and the Due Process Clause. These claims are not supported by sufficient nonconclusory factual allegations to state a plausible claim for relief. To state an equal protection

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 13

claim, a plaintiff must allege that defendants acted with an intent or purpose to discriminate against her based on membership in a protected class, or that she was intentionally treated differently from similarly situated individuals without a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Plaintiff's allegations that Defendants disbelieved her complaints, treated her unfairly, or favored other individuals are conclusory and do not identify similarly situated comparators or facts giving rise to a plausible inference of discriminatory intent.

Plaintiff's due process allegations likewise fail. To the extent Plaintiff asserts a substantive due process claim based on Defendants' failure to investigate or protect her, such a claim is foreclosed absent a custodial relationship or affirmative conduct placing plaintiff in danger. *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 196–97 (1989); *see also Patel v. Kent School District*, 648 F.3d 965, 971–72 (9th Cir. 2011). Plaintiff does not plausibly allege facts establishing either circumstance. To the extent Plaintiff asserts procedural due process violations, she does not identify a protected liberty or property interest of which she was deprived without constitutionally adequate process. *See Board of Regents v. Roth*, 408 U.S. 564, 569–70 (1972). These claims are therefore dismissed.

### G.    Civil Conspiracy

Defendants argue that Plaintiff's conspiracy allegations are conclusory and unsupported by facts showing an agreement. To state a claim under § 1985, a plaintiff must allege specific facts showing an agreement or meeting of the minds to violate constitutional rights. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004). The complaint's generalized assertions that Defendants "acted in concert" are insufficient. Plaintiff does not allege facts

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 14

plausibly showing the existence of an agreement, let alone one motivated by class-based discriminatory animus as required under § 1985. This claim is dismissed.

### H.      Qualified Immunity

Defendants assert that the individual defendants are entitled to qualified immunity. Qualified immunity shields government officials from liability unless (1) the plaintiff plausibly alleges a violation of a constitutional right, and (2) the right was clearly established at the time of the challenged conduct. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Where the complaint fails to plausibly allege a constitutional violation, dismissal is appropriate without reaching the "clearly established" inquiry. *Id*. at 236. Conversely, where a plaintiff plausibly alleges a constitutional violation, the Court must determine whether the right was clearly established such that "every reasonable official" would have known that what he is doing "violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Because qualified immunity is a threshold issue, it is appropriately addressed at the earliest possible stage of the litigation. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

As discussed above, Plaintiff fails to state a claim for violation of her First Amendment rights to the extent those claims are premised on Defendants' alleged failure to investigate, generalized hostility, or damage to her credibility; such allegations do not constitute adverse action as a matter of law. Plaintiff likewise fails to state a claim under the Equal Protection Clause, the Due Process Clause, or civil conspiracy under 42 U.S.C. § 1985. Because these claims do not plausibly allege the violation of a constitutional right, the individual defendants are entitled to qualified immunity as to those federal claims. *See Pearson*, 555 U.S. at 232.

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 15

However, with respect to Plaintiff's malicious prosecution claim under 42 U.S.C. § 1983 and her First Amendment retaliation claim based on the alleged initiation of criminal proceedings, as discussed above, the complaint plausibly alleges that the individual defendants initiated those proceedings without probable cause by withholding material exculpatory evidence or otherwise misleading the prosecutor. If proven, such conduct would violate clearly established law. *See Awabdy*, 368 F.3d at 1067. At this stage, therefore, the individual defendants are not entitled to qualified immunity on these claims.

## I.     *Monell* Liability

To state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege that a municipal policy, custom, or practice was the "moving force" behind the constitutional violation. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). A plaintiff may do so by alleging: (1) an official policy; (2) a longstanding practice or custom; (3) a decision by a final policymaker; or (4) a failure to train or supervise that amounts to deliberate indifference. *See Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010).

Here, Plaintiff alleges in general terms that the City maintained policies or practices of disbelieving domestic violence victims, failing to investigate complaints, and retaliating against individuals who report police misconduct. These allegations, however, are largely conclusory and are not supported by sufficient factual content to render them plausible. Plaintiff does not identify a specific policy, allege facts showing a pattern of similar constitutional violations, or plausibly allege that a final policymaker ratified the challenged conduct. Nor does she allege facts supporting a failure-to-train theory, such as a pattern of similar violations or facts demonstrating deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011).

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 16

Plaintiff also fails to allege facts showing a pattern of similar constitutional violations or an obvious need for training such that the City's failure to act amounts to deliberate indifference.

The Ninth Circuit has made clear that bare allegations of a municipal policy or custom, without supporting factual enhancement, are insufficient to state a *Monell* claim. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Although Plaintiff's allegations describe her own interactions with law enforcement, they do not plausibly establish the existence of a municipal policy or practice that was the moving force behind the alleged constitutional violations. Accordingly, Plaintiff's *Monell* claim is dismissed.

### J.    State Law Claims

Plaintiff asserts state law claims, including malicious prosecution and defamation. For the reasons discussed above, Plaintiff's state law malicious prosecution claim survives at this stage. Under Washington law, malicious prosecution requires a showing of, among other elements, lack of probable cause, malice, and termination of the proceedings in the plaintiff's favor. *See Hanson v. City of Snohomish*, 121 Wn.2d 552, 558 (1993). Accepting Plaintiff's allegations as true, she has plausibly alleged these elements.

Plaintiff's remaining state law claims are not sufficiently pled. To state a claim for defamation under Washington law, a plaintiff must allege (1) a false statement, (2) an unprivileged communication, (3) fault, and (4) damages. *See Mohr v. Grant*, 153 Wn.2d 812, 822 (2005). Plaintiff does not identify specific allegedly false statements, the speaker, the recipient, or facts showing that any such statements were unprivileged. Generalized allegations that Defendants "disparaged" her or undermined her credibility are insufficient to state a plausible defamation claim. To the extent Plaintiff asserts additional state law theories, those

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 17

claims likewise fail because they are supported only by conclusory allegations and do not set forth the elements of any cognizable cause of action with sufficient factual detail. Accordingly, Plaintiff's remaining state law claims are dismissed.

### K. Claims against the Lake Stevens Police Department

Defendants argue that LSPD is not a proper defendant because it is an administrative arm of the City of Lake Stevens and not a separate legal entity subject to suit. Plaintiff does not meaningfully address this argument. Courts have recognized that municipal departments, including police departments, are not independent entities subject to suit under § 1983 where the municipality itself is named as a defendant. *See United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005) (concurrence). Here, Plaintiff has named both the City of Lake Stevens and its police department. Because the police department is not a separate legal entity from the City, the claims against it are redundant. Accordingly, LSPD is dismissed as a Defendant with prejudice.

### L. Official Capacity/Duplicative Claims

Defendants argue that claims against individual defendants in their official capacities are duplicative of claims against the municipality. That is correct as a matter of law. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). Official-capacity claims are treated as claims against the entity itself. *See Community House, Inc. v. City of Boise, Idaho*, 623 F.3d 945, 966-67 (9th Cir. 2010). Accordingly, the official-capacity claims against the individual defendants are dismissed with prejudice as duplicative.

### V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. # 28) is GRANTED in part and DENIED in part as follows:

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
 - 18

1. The motion is DENIED as to Plaintiff's federal and state law malicious prosecution claims;

2. The motion is DENIED as to Plaintiff's First Amendment retaliation claim to the extent it is based on the alleged initiation and continuation of criminal proceedings;

3. The motion is GRANTED as to Plaintiff's remaining First Amendment theories, as well as her claims under the Equal Protection Clause, the Due Process Clause, and 42 U.S.C. § 1985. These claims are DISMISSED without prejudice and with leave to amend;

4. The motion is GRANTED as to Plaintiff's *Monell* claim, which is DISMISSED without prejudice and with leave to amend;

5. The motion is GRANTED as to Plaintiff's defamation claim and any other state-law claims not expressly preserved above, which are DISMISSED without prejudice and with leave to amend;

6. The Lake Stevens Police Department is DISMISSED as a Defendant with prejudice;

7. Plaintiff shall serve the individual Defendants within thirty (30) days of the date of this order; and

8. Plaintiff's claims against the individual Defendants in their official capacities are DISMISSED with prejudice.

If Plaintiff elects to file an amended complaint, she must do so within 45 days of the date

//

//

//

ORDER DENYING SECOND MOTION FOR RECONSIDERATION - 19

of this Order. Any amended complaint must cure the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

Dated this 16th day of April, 2026.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING SECOND MOTION FOR RECONSIDERATION
- 20